UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE M. HUDSON, | Case No. 25-CV-4599 (JMB/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF MINNESOTA, BUREAU OF CRIMINAL APPREHENSION, OFFICER WALL, OFFICER KNUTZ, ST. PAUL POLICE DEPARTMENT, MINN. STAT. § 609.342 (2002), and MINN. STAT. § 624.713, | |
| Defendants. | |

This case is before the Court on Plaintiff Jose M. Hudson's "Motion to Proceed" (Dkt. No. 2 ("IFP Application")), which the Court construes as an application to proceed *in forma pauperis* ("IFP"). For the reasons below, the Court denies the IFP Application without prejudice.

"The central question [when assessing an IFP application] is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)); *see also, e.g.*, *Benjamin G. v. Bisignano*, No. 25-CV-3961 (DJF), 2025 WL 2938511, at *1 (D. Minn. Oct. 16, 2025) (quoting *Ayers*). "The opportunity to proceed [IFP] is a privilege,

1

not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

Under 28 U.S.C. § 1915(a)(1), a litigant must show eligibility for IFP status by submitting an affidavit that "includes a statement of all assets" possessed by the applicant. The District of Minnesota has a standard form for this purpose, titled "Application to Proceed *In Forma Pauperis*." That form requires an applicant to provide specific details regarding (among other things) an applicant's income, assets, expenses, and dependents. In contrast, the IFP Application here simply says that Mr. Hudson has "[l]ow financial circumstances," without providing any supporting detail. Without a sworn statement detailing Mr. Hudson's specific income, assets, and expenses, the Court cannot determine whether he qualifies for IFP status. The IFP Application is therefore denied without prejudice.

Mr. Hudson must either file a new application supplying the missing financial information or pay this action's full filing fee. If he does neither within 21 days of this Order's date, the Court will recommend dismissing this action without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). To assist Mr. Hudson, the Court will order the Clerk of Court to send him a copy of the District's template "Application to Proceed *In Forma Pauperis*."

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Jose M. Hudson's "Motion to Proceed" (Dkt. No. 2), construed as an application to proceed *in forma pauperis* ("IFP"), is **DENIED** without prejudice.

2. Within 21 days of this Order's date, Mr. Hudson must either (1) pay this action's filing fee, or (2) submit a new application to proceed IFP in this action. If neither occurs, the Court will recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

3. The Clerk of Court is ordered to send Mr. Hudson a copy of the District of Minnesota's standard form "Application to Proceed *In Forma Pauperis*."

Dated: December 15, 2025            *s/ John F. Docherty*
                                    JOHN F. DOCHERTY
                                    United States Magistrate Judge